IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| RACHAEL SWIFT, | Civil No. 2:22-CV-01019-LTS-KEM |
| Plaintiff, | |
| vs. | **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| LORAS COLLEGE, | |
| Defendant. | |

COMES NOW Defendant, Loras College ("Loras"), and, in conformity with Federal Rule of Civil Procedure 56, states as follows for its Motion for Summary Judgment:

**A.   The Entry Of Summary Judgment Is Appropriate When There Is No Genuine Issue As To Any Material Fact**

Federal Rule of Civil Procedure 56 provides, in pertinent part, as follows:

(b) For Defending Party. A party against whom a claim ... is asserted ... may, at any time, move for summary judgment in the party's favor as to all or any part thereof.

(c) Motions and Proceedings Thereon ... *The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.*

*Fed. R. Civ. P. 56(a)-(c)* (emphasis added).

**B.   The Conduct Alleged, If Proved, Does Not Constitute "Sexual Harassment" Under Title IX**

For Title IX purposes, it was appropriate for Loras to dismiss Swift's allegations because they did not meet the definition of Title IX "sexual harassment". There was no incident of sexual assault, dating violence, domestic violence, or stalking as defined under federal law, including the Clery Act and the Violence Against Women Act. Loras dismissed Swift's allegations after

investigating and addressing them in an appropriate manner under its policies and procedures.

C. **The Undisputed, Material Facts Fall Woefully Short Of Demonstrating "Deliberate Indifference"**

Educational institutions may be liable for "deliberate indifference" to known acts of harassment by one student against another. Deliberate indifference is a stringent standard of fault that cannot be predicated upon mere negligence. Courts analyzing deliberate indifference consider whether the response was "clearly unreasonable" in light of the "known circumstances". Because Loras' reaction to the incident was anything but indifferent, Swift's claim fails as a matter of law.

D. **Even Assuming "Deliberate Indifference" By Loras To Discrimination And/Or Harassment, It Was Not So Severe, Pervasive, And Objectively Offensive As To Deprive Swift Of Access To Educational Opportunities Or Benefits**

A Title IX plaintiff is required to show the discrimination was so severe, pervasive, and objectively offensive that it can be said to deprive the victim of access to the educational opportunities or benefits provided by the school. The actions, accommodations, modifications and adjustments made by Loras on behalf of Swift after the incident demonstrate that, even if Loras displayed deliberate indifference to discrimination and/or harassment, it was not so severe, pervasive, and objectively offensive as to deprive Swift of access to educational opportunities or benefits.

WHEREFORE, Defendant, Loras College, prays that its Motion for Summary Judgment be granted, that Plaintiff's Complaint be dismissed with prejudice and that costs be taxed to Plaintiff.

*/s/ Christopher P. Jannes*
Christopher P. Jannes, AT0003917
Katie E. Gral  AT0013357
DENTONS DAVIS BROWN PC
The Davis Brown Tower

215 10th Street, Suite 1300
Des Moines, IA  50309-3993
Telephone:  515/288-2500
Email:  Chris.Jannes@dentons.com
Email:  Katie.Gral@dentons.com

**ATTORNEYS FOR DEFENDANT LORAS COLLEGE**

ORIGINAL FILED

COPY TO:

Benjamin R. Merrill
BROWN, WINICK, GRAVES, GROSS AND BASKERVILLE, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, Iowa 50309-2510
Telephone: 515-242-2400
Email:  ben.merrill@brownwinick.com

**ATTORNEY FOR PLAINTIFF, RACHEL SWIFT**

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on September 15, 2023 by:

```
___ U.S. Mail          ___ FAX
___ Hand Delivered     ___ Overnight Courier
___ Federal Express    _X_ ECF Filing
```

Signature: */s/ Christopher P. Jannes*